2014 PA Super 216

| | |
|---|---|
| PATRICIA P. WORLEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KELLY LYNN EFFLER | |
| APPEAL OF:  NICOLE R. WEBSTER | |
| | No. 1857 MDA 2013 |

Appeal from the Order Entered September 26, 2013
In the Court of Common Pleas of Centre County
Civil Division at No(s):   2013-151-S
PACSES No. 53713906
Other State ID No. 000290713906

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

OPINION BY OTT, J.:                    **FILED OCTOBER 01, 2014**

Nicole R. Webster appeals from the order entered on September 26, 2013, in the Court of Common Pleas of Centre County registering and confirming a foreign support order, directing Webster to pay $150.00 per month in child support and acknowledging $24,309.44 in arrears.  Webster raises three issues in this timely appeal. She claims the trial court: (1) abused its discretion in registering the foreign order based upon the evidence and testimony presented at the hearing; (2) abused its discretion in not allowing Webster to present evidence that she is not the person named in the foreign order; and (3) abused its discretion in not giving proper weight and consideration to federal law regarding residency of

military spouses. After a thorough review of the submissions by the parties, relevant law, and the certified record, we vacate the order registering the foreign support order and remand for further proceedings consistent with this decision.

The factual background of this matter is unclear; however, it appears that a person named Kelly Lyn Effler gave birth to a child, S.W. The certified record does not reveal the child's birthdate. On January 21, 1998, Kelly L. Effler was ordered to pay $150.00 per month in child support. *See* Order, 1/21/1998, 97 CVD 740, County of McDowell, State of North Carolina. On February 1, 1999, that order was modified to include an additional payment of $62.34 per month to pay arrearage. *See* Modificaiton of Order, 2/1/1999. On May 13, 2010, the order was again modified. At that date, Patricia Worley was added to the caption as a plaintiff, recognizing that she had been awarded custody of S.W. Additionally, the amount owed in arrearage had risen to $19,059.44. Finally, it was noted that Kelly Effler was then known as Kelly Rhodarmer. *See* Modification of Order, 5/13/2010. On April 3, 2013, a registration statement was sent to Centre County indicating that Nicole Rickards Webster, also known as Kelly Lynn Effler and Kelly Lynn Rickards, owed $24,309.44 in child support. Additionally, the registration statement indicated that Effler/Webster/Rickards had a social security number ending with the number 6192. A document appended to the registration statement presented additional aliases, including Keli L. Effler, Kimberly Lynn Hogan, Kelly Lynn Rhodarmer, Kimberly Nicole Hogan

- 2 -

Rhodarmer, and Nicole Rhodarmer Webster. **See** Registration Statement, 4/3/2013. On April 22, 2013, Nicole Rhodarmer Webster, SSN XXX-XX-2410, *pro se*, timely filed a motion contesting the registration order. In part, she claimed she had been misidentified and was not the person who owed the money. **See** Motion Contesting Registration, 4/22/2013. After several continuances, a hearing was held on September 5, 2013, at which time Webster was not allowed to present evidence challenging her identity as Kelly Lynn Effler. Pursuant to the original registration statement, orders have been entered directing Maxwell Trucking to withhold $150.00 per month from the pay of Nicole M. Webster, SSN XXX-XX-6192, and FBS Incorporated to withhold $150.00 per month from the pay of Nicole R. Webster, SSN XXX-XX-6192. Appellant, Nicole R[hodarmer] Webster, SSN XXX-XX-2140, testified she was currently working at Maxwell Trucking and had previously worked for FBS. **See** N.T. Hearing, 9/5/2013, at 18.

In its Pa.R.A.P. 1925(a) opinion, the trial court stated it registered the order and denied Webster relief because it was obliged to give full faith and credit to the underlying order. Additionally, Webster was obliged to challenge her identity as Effler in North Carolina, the jurisdiction that originally made the identification. **See** Trial Court Opinion, 11/13/2013, at 1-2.

The rules governing a contest of the validity or enforcement of a registered order are found at 23 Pa.C.S. §§ 7606, 7607. Section 7606 states, in relevant part:

- 3 -

A nonregistering party seeking to contest the validity or enforcement of a registered order in this State must request a hearing within 20 days after the date of mailing or personal service of notice of the registration. The nonregistering party may seek to vacate the registration, to assert any defense to an allegation of noncompliance with the registered order or to contest the remedies being sought or the amount of any alleged arrearges pursuant to section 7607 (relating to contest of registration or enforcement).

23 Pa.C.S. § 7606(a).

As noted above, Webster, *pro se*, requested a hearing within 20 days of the registered order, fulfilling the timeliness requirement of section 7606.

Section 7607 states, in relevant part:

(a) Defenses. - A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving any of the following defenses:

(1) The issuing tribunal lacked personal jurisdiction over the contesting party.

(2) The order was obtained by fraud.

(3) The order has been vacated, suspended or modified by a later order.

(4) The issuing tribunal has stayed the order pending appeal.

(5) There is a defense under the law of this State to the remedy sought.

(6) Full or partial payment has been made.

(7) The statute of limitation under section 7604 (relating to choice of law) precludes enforcement of some or all of the arrearages.

(b) Relief.- If a party presents evidence establishing a full or partial defense under subsection (a), a tribunal may stay enforcement of the registered order, continue the proceeding to permit production of additional relevant evidence and issue other appropriate orders.

23 Pa.C.S. § 7607(a),(b).

By attempting to challenge her identity as Kelly Lynn Effler, Webster was attempting to assert a challenge under § 7607(a)(1); she was claiming that North Carolina had no personal jurisdiction over her because she is not nor was she ever Kelly Lynn Effler. Webster is permitted, pursuant to statute, to raise that defense. Therefore, the trial court erred as a matter of law in preventing Webster from presenting her evidence regarding her identity and accordingly, North Carolina's lack of jurisdiction over her.

Accordingly, we must vacate the order registering the foreign order and remand for a complete hearing.[1] Said hearing is to be held within 45 days of the return of the certified record to the Court of Common Pleas of Centre County.

Order vacated. Matter remanded for action consistent with this opinion. Jurisdiction relinquished.

_____

[1] As a practical matter, we are not sure how the foreign order would be enforceable against Nicole R. Webster. The foreign order compels the employer to withhold money from the pay of Nicole M. Webster, SSN XXX-XX-6192, while Appellant allegedly works as Nicole R. Webster, SSN XXX-XX-2140.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/1/2014